LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
brandon@bblocklaw.com
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California 90210
Telephone: 310.887.1440
Facsimile: 310.496.1420

Attorneys for Plaintiff
AMY BETH KATZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY BETH KATZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>PATRICK K. WILLIS COMPANY, INC. dba AMERICAN RECOVERY SERVICE, a California corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. 2:21-cv-216<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;**<br>**(2) VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br>**(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND**<br>**(4) ASSAULT**<br><br><u>JURY TRIAL DEMANDED</u> |

**COMPLAINT**

Plaintiff Amy Beth Katz alleges against defendants Patrick K. Willis Company, Inc. dba American Recovery Service ("ARS"), and Does 1 through 10, inclusive, as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

- 1 -
COMPLAINT

2. Venue is proper in the Central District in that, among other things, a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

## PARTIES

3. Plaintiff is an individual over the age of 18, a resident of Santa Barbara County and a citizen of California.

4. Defendant ARS is a California corporation with its principal place of business in Sacramento, California. ARS is a "repossession agency," as defined in California Business and Professions Code § 7500.2.

5. Plaintiff does not know the true names, identities, and capacities of Does 1 through 10, inclusive, and therefore sues those defendants by fictitious names. Plaintiff will amend this complaint to allege the true names, identities and capacities of the Doe defendants when plaintiff discovers such information.

6. At all times mentioned herein, defendants were agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to plaintiff.

## OPERATIVE FACTS

7. Plaintiff purchased a motor vehicle primarily for personal, family or household purposes from a car dealership in California, pursuant to a written retail installment sale contract which gave the dealership a security interest in the vehicle. The dealership assigned the contract to Santander Consumer USA, Inc.

8. Santander hired defendant ARS as an independent contractor to conduct the nonjudicial ("self-help") repossession of plaintiff's vehicle. ARS hired another repossession agency ("Doe Defendant No. 1") as its agent to assist in the repossession. As alleged herein, defendants breached the peace in connection with their attempted repossession of plaintiff's vehicle, in violation of, among other laws, California Commercial Code § 9609(b) and California Business and Professions § 7508.2(e).

9.      At or around 6:00 p.m. on December 6, 2020, plaintiff was parked outside of Bristol Farms at La Cumbre Plaza in Santa Barbara, preparing for the Covid-19 Stay at Home order soon to be going into effect. Suddenly, a male employee or agent of Doe Defendant No. 1 ("Doe Defendant No. 2") knocked on plaintiff's car window. Doe Defendant No. 2 was not wearing anything from which plaintiff could identify him as being part of a repossession or towing company. Plaintiff, who volunteers helping the homeless, believed the man was homeless and needed assistance. As plaintiff began to open her car door, Doe Defendant No. 2, who was much larger than plaintiff, suddenly and aggressively grabbed the car door. Doe Defendant No. 2 then wedged himself between the car door and plaintiff's car, such that plaintiff could not close the door, and Doe Defendant No. 2 stood over plaintiff intimidatingly as she sat in her car. Doe Defendant No. 2 forcefully demanded that plaintiff immediately get out of her car, so Doe Defendant No. 2 could take it.

10.    Plaintiff was petrified, and reasonably believed that she was being robbed, and/or Doe Defendant No. 2 would cause immediate physical harm to her or her car. Plaintiff also was terrified of contracting the Coronavirus from Doe Defendant No. 2, who was not wearing a mask or any other personal protective equipment, and positioned himself within a few feet of her. Plaintiff began screaming and demanding that Doe Defendant No. 2 immediately get away from her and her car. Plaintiff tried to close her car door, but Doe Defendant No. 2 forcefully held it open against her will and menacingly stood over plaintiff. Doe Defendant No. 2 then told plaintiff that he was repossessing her car.

11.    Plaintiff did not believe her car was subject to repossession. She unequivocally told Doe Defendant No. 2 that he could not take her car, and that he needed to get away from her. Doe Defendant No. 2 would not move away, and he continued to stand over plaintiff, holding her car door open. Doe Defendant No 2

also repeatedly and falsely threatened plaintiff that she would go to jail if she did not get out of and surrender her car.

12. Plaintiff continued to unequivocally voice her protest to Doe Defendant No. 2 taking her car or being anywhere near her. Doe Defendant No. 2 still would not move away. When plaintiff tried to close her car door, Doe Defendant No. 2 forcefully held it open and stood over plaintiff in a threatening manner. Doe Defendant No. 2 continued repeatedly and falsely threatening plaintiff that she would go to jail if she did not immediately surrender her car. Plaintiff told Doe Defendant No. 2 to call the police, but he did not.

13. Finally, after several terrifying minutes, plaintiff was able to drive her car forward, and then close her car door. As plaintiff's car was moving forward, Doe Defendant No. 2 violently and loudly kicked the rear of plaintiff's car. Plaintiff drove away in extreme emotional distress.

14. Even after plaintiff left, defendants continued their harassment and abuse of plaintiff, by impersonating police, and by implying that they could personally confront plaintiff again. Specifically, a few minutes after plaintiff left the Bristol Farms parking lot, a male called plaintiff's cellphone and misrepresented himself as an "Officer" with the Santa Barbara Police Department. Plaintiff is informed and believes that the caller was Doe Defendant No. 2, or another employee or agent of defendants. The male caller demanded that plaintiff return to the Bristol Farms parking lot because she ran over a man's foot. When plaintiff stated her disagreement with the caller, he asked if plaintiff lived at a certain address, which caused plaintiff's intense dread and anxiety to heighten even more. Plaintiff terminated the call with the man and contacted the Santa Barbara Police Department. The Santa Barbara Police Department confirmed that no report had been made to them regarding a supposed incident at the Bristol Farms parking lot.

15. Plaintiff paid for a hotel the night of December 6, 2020, and, for a few days thereafter, she stayed at a friend's house in a gated community with security

1  guards, fearful that defendants would come to her home. Plaintiff also depleted all of
2  her available funds, and borrowed money from a friend and a relative, to make a
3  substantial payment to Santander, hoping to ensure she would have no more contact
4  with defendants. Nevertheless, plaintiff has been living, and continues to live, in fear
5  of defendants causing her more harm.

6      16.    Plaintiff has suffered damages as a direct and proximate result of
7  defendants' heinous conduct, including emotional distress and lost money, in
8  amounts subject to proof.

**FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**(Against All Defendants)**

12      17.    Plaintiff realleges and incorporates herein by reference each and every
13  paragraph set forth above.

14      18.    Congress has found that "[t]here is abundant evidence of the use of
15  abusive, deceptive, and unfair debt collection practices by many debt collectors,"
16  and that "[a]busive debt collectors contribute to the number of personal
17  bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual
18  privacy." 15 U.S.C. § 1692(a). Thus, Congress enacted the Fair Debt Collection
19  Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), to "eliminate abusive debt
20  collection practices by debt collectors, to insure that those debt collectors who
21  refrain from using abusive debt collection practices are not competitively
22  disadvantaged, and to promote consistent State action to protect consumers against
23  debt collection abuses." Id., § 1692(e).

24      19.    Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in
25  that she is a natural person obligated or allegedly obligated to pay a "debt."

26      20.    Defendants are "debt collectors" within the meaning of 15 U.S.C.
27  § 1692a(6) in that they are persons who use an instrumentality of interstate
28  commerce or the mails in a business the principal purpose of which is the

- 5 -
COMPLAINT

enforcement of security interests.

21. The purported debt which defendants attempted to collect from plaintiff is a "debt" within the meaning of 15 U.S.C. § 1692a(5). Defendants sought to enforce a security interest related to plaintiff's obligation or alleged obligation to pay money to Santander, arising out of a transaction in which the property which was the subject of the transaction (plaintiff's vehicle) was primarily for personal, family or household purposes.

22. Defendants violated 15 U.S.C. § 1692f(6) of the FDCPA by taking or threatening to take any nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest. Defendants had no present right to possession of plaintiff's vehicle due to their breach of the peace, as alleged herein.

23. Plaintiff has been damaged as a direct and proximate result of defendants' violations of the FDCPA, in amounts subject to proof.

24. Plaintiff is entitled to recover her actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

25. Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

26. Plaintiff is entitled to recover her attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, plaintiff prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF – VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES**

**(Against All Defendants)**

27. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

28. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the

continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). The Legislature thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act"), to ensure the integrity of California's banking and credit industry. Id., § 1788.1(b).

29. Defendants at all times relevant herein were "debt collectors" within the meaning of California Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of "consumer debt." The purported debt defendants attempted to collect from plaintiff is a "consumer debt" within the meaning of California Civil Code § 1788.2(f). Defendants engaged in acts or practices in connection with the collection of money, property or their equivalent which was alleged to be due and owing to Santander, by reason of a consumer credit transaction entered into with plaintiff.

30. Defendants violated California Civil Code § 1788.10(a) by using or threatening use of physical force, violence or any criminal means to cause harm to the person, or the reputation, or the property of any person. Defendants' criminal means included violations of California Business & Professions Code § 7502.1(a), by violating California Business & Professions Code § 7508.2(e), and California Penal Code § 240.

31. Defendants violated the provisions of Civil Code § 1788.10(b) by threatening that the failure to pay a consumer debt would result in an accusation that plaintiff had committed a crime where such accusation, if made, would be false.

32. Defendants violated the provisions of Civil Code § 1788.10(c) by communicating, or threatening to communicate to any person the fact that plaintiff has engaged in conduct, other than the failure to pay a consumer debt, which defendants knew or had reason to believe would defame plaintiff.

33. Defendants violated the provisions of Civil Code § 1788.10(e) by threatening to any person that nonpayment of the consumer debt may result in the arrest of plaintiff, when such action was not in fact contemplated by defendants and permitted by the law.

34. Defendants violated the provisions of Civil Code § 1788.11(b) by placing telephone calls without disclosure of the caller's identity.

35. Defendants violated the provisions of Civil Code § 1788.13(d) by representing that they were vouched for, bonded by, affiliated with, or an instrumentality, agent or official of any federal, state or local government or any agency of federal, state or local government, when defendants actually were not employed by the particular governmental agency in question and were not acting on behalf of such agency.

36. Defendants violated the provisions of 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt. By violating the provisions of § 1692d, defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

37. Defendants violated the provisions of 15 U.S.C. § 1692d(1) by using or threatening use of violence or other criminal means to harm the physical person, reputation, or property of any person in connection with the collection of an alleged debt. By violating the provisions of § 1692d(1), defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

38. Defendants violated the provisions of 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity. By violating the provisions of § 1692d(6), defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

39. Defendants violated the provisions of 15 U.S.C. § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt. By violating the provisions of § 1692e, defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

40. Defendants violated the provisions of 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person when such action was not lawful and neither defendants nor CarMax intended to take such action. By violating the provisions of § 1692(e)(4), defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

41. Defendants violated the provisions of 15 U.S.C. § 1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken. By violating the provisions of § 1692(e)(5), defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

42. Defendants violated the provisions of 15 U.S.C. § 1692e(7) by falsely representing or implying that plaintiffs committed any crime or other conduct in order to disgrace plaintiffs. By violating the provisions of § 1692(e)(7), defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

43. Defendants violated the provisions of 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt. By violating the provisions of § 1692(e)(10), defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

- 9 -
COMPLAINT

44.     Defendants violated the provisions of 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt, when they breached the peace during the repossession of plaintiff's vehicle. By violating the provisions of § 1692f, defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

45.     By violating the provisions of § 1692f(6), as alleged herein, defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

46.     Plaintiff has been damaged as a direct and proximate result of defendants' violations of the Rosenthal Act, in amounts subject to proof.

47.     Plaintiff is entitled to recover her actual damages pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

48.     Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, California Civil Code § 1788.30(b).

49.     Plaintiff is entitled to recover her attorney's fees and costs pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, California Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

50.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

51. Defendants engaged in the extreme, outrageous and unreasonable acts enumerated above to collect property from plaintiff. These acts went beyond the bounds of decency expected in a civilized society.

52. Defendants intended to cause plaintiff to suffer emotional distress, and/or engaged in their outrageous conduct with reckless disregard of the probability of causing plaintiff to suffer emotional distress.

53. As a direct and proximate result of defendants' outrageous conduct, plaintiff has suffered extreme and severe mental distress, mental suffering, and/or mental anguish.

54. Plaintiff has been damaged as a direct and proximate result of defendants' conduct, in amounts subject to proof.

55. Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294, thereby entitling plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiff prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF – ASSAULT
### (Against All Defendants)

56. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

57. Defendants intended to cause and did cause plaintiff to suffer apprehension of an immediate harmful contact.

58. Defendants acted with intent to cause harmful or offensive contact with plaintiff, and plaintiff reasonably believed she was about to be touched in a harmful or offensive manner.

59. Plaintiff did not consent to defendants' conduct.

60. Plaintiff has been damaged as a direct and proximate result of defendants' conduct, in amounts subject to proof. Defendants' conduct was a substantial factor in causing plaintiff's harm.

61. Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294, thereby entitling plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of plaintiff's attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

///

///

///

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States Constitution.

Respectfully submitted,

Dated: January 11, 2020

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

/s/ Brandon A. Block
Brandon A. Block

Attorneys for Plaintiff
AMY BETH KATZ